# Staunton

H. J. HORNE, TRADING AS H. J. HORNE LUMBER COMPANY V.
E. M. OSBORNE.

September 20, 1934.

Present, All the Justices.

The opinion states the case.

*Lewis R. McCormick* and *O. M. Vicars,* for the appellant.

*H. C. Bolling* and *Wm. T. Bowen,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

Appellee, the fee simple owner of a certain tract or parcel of land situated in Wise county, on the 7th day of April, 1923, conveyed the same to W. T. Minnix for the sum of $300. The terms of the sale were $50 cash in hand and the residue payable in ten equal installments. To secure the unpaid purchase money notes the vendor expressly retained the vendor's lien. The deed of conveyance was duly recorded in the clerk's office of Wise county.

Sometime during the year 1927 Minnix purchased on credit, from the appellant, a dealer in building materials, sufficient lumber to erect a building upon the land. Minnix defaulted in his payments on the — day of August, 1927, appellant filed a mechanic's lien on the property for the sum of $436.30.

On the 15th day of July, 1930, appellant instituted a suit in chancery to foreclose the mechanic's lien. Appellee was not made a party defendant to the suit. The process directed to the sheriff was delivered to J. M. Quillin, Jr., attorney for appellant, and bears this return:

"H. J. Horne Lumber Co.
   vs.
W. T. Minnix, et als.
     1st August Rules, 1930.
       J. M. Quillin, Jr., P. Q.

"Returns: Executed by delivering to Mrs. W. T. Minnix a true copy of the within summons in person, W. T. Minnix not being found at his usual place of abode, I executed on him by delivering to Mrs. W. T. Minnix a true copy of the within summons, she being a member of his

family over the age of sixteen years, the purport being explained to her in Wise county, Virginia, on this the 19th day of July, 1930.

"J. M. QUILLIN, JR.

"The above return was subscribed and sworn to before me on this the 21st day of July, 1930.

"CHARLES D. LAY,
"Notary Public."

Minnix did not appear to resist the suit and a default decree was entered therein. The record shows that an account of liens was ordered and C. Q. Counts was appointed commissioner to take the account.

The commissioner, after notice to Minnix served by the attorney for appellant, made his report to the court. The report shows that appellee, by virtue of the vendor's lien retained in the deed to Minnix, was the first lienor. There were no exceptions filed to the report and Quillin was appointed a commissioner to sell the property. After due advertisement the property was sold and appellant became the purchaser thereof at the price of $100.

The record shows that in his disbursements Commissioner Quillin, who, as stated, was also counsel for appellant, recognized the lien of appellee and credited appellee with the sum of $26.11 on a debt due by appellee to appellant.

On July 8, 1932, appellee instituted the present suit. Appellant and Minnix were made parties defendant.

The prayer of the bill is "that a decree may be entered, setting aside and declaring for naught on the decree and proceedings in the chancery cause of *H. J. Horne Lumber Company* v. *W. T. Minnix, et als,* and that the returns on the process issued in said chancery cause, made by J. M. Quillin, Jr., attorney, be quashed and said suit be dismissed and declared for naught as to your complainant; that the sale of said property by J. M. Quillin, Jr., special commissioner, to Mr. and Mrs. H. J. Horne, and the sale of said property from Mr. and Mrs. H. J. Horne, to Mr. and Mrs. Andy Cox be vacated and set aside and declared for naught

as to your complainant; that a decree may be entered giving your complainant a judgment against Wm. T. Minnix and Mrs. W. T. Minnix for the sum of $250 with interest thereon from the 7th day of April, 1923, until paid and ten per cent of said $250 for and as attorney's fee on the homestead waiving notes and that a decree may be entered decreeing your complainant the first and prior lien on said property for the amount aforesaid and for the sale of said land to pay off and discharge said debt with interest, thereon, attorney fee, and the cost of this suit * * *."

Appellant filed an answer and set up the defense that the material for the house was sold to Minnix on the joint representation of Minnix and appellee that the vendor's lien had been fully discharged.

M. M. Heuser, an attorney at law, was appointed a special commissioner and to him were referred, among other things, these questions: (1) Was the vendor's lien a valid and subsisting lien on the property involved? (2) Was appellee estopped from asserting same by reason of the alleged representations to appellant that the vendor's lien had been paid? (3) Should the decree entered in the suit of appellant against Minnix be declared null and void by reason of the alleged defects in the return made by Quillin, the attorney for appellant?

After a most careful hearing, as disclosed by the record, and the taking of numerous depositions, the commissioner reported that the vendor's lien asserted by appellee was a valid and subsisting lien; that upon a conflict of evidence he was of opinion that appellee was not estopped in asserting his lien; and that the proceedings in the first suit were null and void.

Appellant's exceptions to the report were overruled, the report confirmed *in toto,* and final decree was entered in conformity with the prayer of the bill. It is from that decree this appeal is allowed.

In our opinion it is unnecessary to enter upon a discussion of the correctness of the commissioner's holding, that Quillin was an interested party to the suit by reason of his

attorneyship, and, therefore, the whole mechanic's lien proceedings were void. We do feel constrained, however, to state that the court deprecates the action of counsel in serving process and testifying as a witness, as was done in this case.

The case is determined by the court's approval of the finding of the commissioner that, "there was some conflict in the evidence on the issues as made by the pleadings but your commissioner finds that the defendants have completely failed to establish such facts as would work the estoppel they are claiming. Your commissioner also finds that the claim of $250 has been satisfactorily proven by the evidence."

In *Shipman* v. *Fletcher*, 91 Va. 479, 22 S. E. 458, 460, Judge Riely, after an exhaustive review of the authorities dealing with the weight to be given the report of a commissioner on a question of fact where the evidence is conflicting, reaches this conclusion:

"When the evidence consists of the depositions of witnesses, and they are taken by the commissioner or in his presence, he would have the advantage of noting the demeanor of the witnesses and their manner of testifying, which is important in judging of their credibility and the weight to be attached to their evidence when they contradict each other.

"When, therefore, the commissioner has seen and examined the witnesses, and the testimony is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, the court will not set aside or disturb his report, unless the weight of the testimony which is contrary to his conclusions is such, on account of the number of the witnesses and the nature of their evidence, as to make it clear that the commissioner has erred. *Haulenbeck* v. *Cronkright*, 23 N. J. Eq. 409; and *Clark* v. *Condit*, 21 N. J. Eq. 322. But even in such case, the court will review and weigh the evidence, and if not satisfied that the commissioner has reached a right conclusion, will overrule his finding. *Holmes* v. *Holmes*, 18 N. J. Eq. 141; *Boyd & Co.* v.

*Gunnison & Co.,* 14 W. Va. 1. These views of the office of a commissioner in chancery, and of the weight and effect to be given to his report, seem to us in accordance with right, and best calculated to attain the ends of justice; to be in accordance with the high and responsible duties of the chancellor, and with the special duties of the commissioner. They are also in accord with the decisions of courts of the highest respectability, and of the greatest weight and influence. *Kimberly* v. *Arms,* 129 U. S. 512, 9 S. Ct. 355 [32 L. Ed. 764] ; *Worrall's Appeal,* 110 Pa. St. 349, 362, 1 Atl. 380, 765 ; *Boyd & Co.* v. *Gunnison & Co.,* 14 W. Va. 1; *Handy* v. *Scott,* 26 W. Va. 710; *Smith* v. *Yoke,* 27 W. Va. 639, and 2 Barton's Ch. Pr. 656."

We find no error in the decree of the circuit court, and it is affirmed.

*Affirmed.*