# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## MYRTLE SHELTON ROARK AND J. C. ROARK V. MILDRED SHELTON AND OTHERS.

January 13, 1938.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Edward M. Hudgins* and *James W. Blanks,* for the appellants.

*W. E. Neblett* and *R. S. Weaver, Jr.,* for the appellees.

GREGORY, J., delivered the opinion of the court.

A partition suit was instituted by Mildred and Ellis Shelton, two of the heirs at law of H. R. Shelton, who died intestate leaving a tract of land of 125 acres. The other heirs at law were the defendants. Myrtle Shelton Roark, an heir, and her husband, J. C. Roark, filed an answer and cross-bill to the bill of complaint, in which they claimed they had made substantial improvements on the land, and asked to be reimbursed for their reasonable value. The cause was referred to a commissioner in chancery and he was directed to ascertain and report whether Myrtle Shelton Roark and her husband were entitled to recover anything for the improvements, and, if so, what amount should be allowed them.

The depositions of numerous witnesses were taken before the commissioner and returned as a part of his report. The commissioner reported that Mrs. Roark was entitled to compensation in the sum of $400 for a building erected on the land by her. The other parties in interest filed exceptions to the report claiming that the building erected by Mrs. Roark did not enhance the value of the land, and, therefore, she was not entitled to any compensation. The court sustained the exceptions and rejected that part of the report which allowed Mrs. Roark compensation of $400 and fixed her compensation at $100. The land was then ordered to be sold.

Was the court warranted in overturning the report of the commissioner and reducing the compensation of Mrs. Roark from $400 to $100 for the building she had placed on the land? No other question is presented for decision.

Mr. and Mrs. Roark were living in West Virginia prior to the death of H. R. Shelton, but after his death they agreed to reside upon the land in question and make a home for the infant children who were then over fourteen years of age. Later they concluded that they could successfully operate a chicken business on the farm and asked each of the other children to contribute $100 toward a building for that purpose, which they agreed to do. After the construction of the building had begun it was learned that the children would not be permitted to place their funds in it. The building, however, was completed and the entire cost of it borne by Mrs. Roark.

Mr. and Mrs. Roark began their occupancy of the land in 1934 and continued to reside there some two years. The building cost the sum of $932 to construct. It is 72 feet long, 20 feet wide and built on cement pillars. The pitch is 14 feet, the bottom floor has an extra floor with tongue and groove floor on it. The upper floor is of tongue and groove, the sheathing is also of tongue and groove and covered with paper composition. The building is of wood construction and partitioned into eight rooms. There are

six 20' x 20' laying rooms with a 14' x 20' room on the end and a 12' x 14' ceiled office over the feed room.

The Roarks later moved to another farm and the present partition suit was instituted.

■ It is conceded that if a co-tenant places improvements upon the premises which actually enhance the value of the entire property, he is entitled to compensation for them when the property is sold.

The witnesses who testified on behalf of the Roarks stated that the building enhanced the value of the land to the extent of $400 or $500, while the witnesses who testified on behalf of the other parties stated that the building did not enhance the value of the land at all. Upon this conflicting evidence the commissioner, who was present when the witnesses testified, fixed the value of the improvement to the land at $400. The court, without evidence to support its conclusion, fixed the value of the improvement at $100. Just how the court arrived at the value of the building to the land and fixed the compensation due Mrs. Roark is not shown by the record. No witness testified that the value of the building is $100. All of the evidence is that the value is either $400 or $500, or it is of no value at all.

■ The power of a court to refuse to approve the report of its commissioner when his conclusions are not supported by the evidence is beyond question, but this power must be exercised judicially, not arbitrarily.

■ Of course, the report of a commissioner does not bind the court like a verdict of a jury. It does not have the same weight. (Code, section 6179.)

■ The court possesses the absolute power of review, though generally the practice is to accept the report as *prima facie* correct. When exceptions are filed to the report it is the duty of the court to examine the evidence and review the conclusions of the commissioner and ascertain whether they are supported. If they are supported by proper evidence the court does not possess the arbitrary power to overturn them. In the instant case the court was bound to accept the value fixed by the commissioner or

■

reject it *in toto*. There was no middle ground which could find any support in the evidence. No evidence disclosed a value of $100. In *Boston* v. *Shackelford*, 162 Va. 733, 175 S. E. 625, 631, Mr. Justice Holt quoted what was said by Judge Prentis in *Clevinger* v. *County School Board*, 139 Va. 444, 124 S. E. 440, 441:

" 'It is fundamental, however, that notwithstanding the weight due to a commissioner's report and the respect which is accorded his findings, neither the trial court nor this court should avoid the duty of weighing the evidence when its sufficiency is fairly challenged. Neither in the trial court, nor here upon appeal, should any judgment stand if the record shows that it is unsupported by the testimony.' "

See also, *Parkes* v. *Gunter*, 168 Va. 94, 190 S. E. 159; *Cannon* v. *Searles*, 150 Va. 738, 143 S. E. 495, and *Hitt* v. *Smallwood*, 147 Va. 778, 133 S. E. 503.

In *Shipman* v. *Fletcher*, 91 Va. 473, 479, 22 S. E. 458, 460, the court had this to say: "When the evidence consists of the depositions of witnesses, and they are taken by the commissioner or in his presence, he would have the advantage of noting the demeanor of the witnesses and their manner of testifying, which is important in judging of their credibility and the weight to be attached to their evidence when they contradict each other.

"When, therefore, the commissioner has seen and examined the witnesses, and the testimony is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, the court will not set aside or disturb his report, unless the weight of the testimony which is contrary to his conclusions is such, on account of the number of the witnesses and the nature of their evidence, as to make it clear that the commissioner has erred. *Haulenbeck* v. *Cronkright*, 23 N. J. Eq. [407] 409; *Clark* v. *Condit*, 21 N. J. Eq. 322. But even in such case, the court will review and weigh the evidence, and if not satisfied that the commissioner has reached a right conclusion, will overrule his finding. *Holmes* v. *Holmes*, 18 N. J. Eq. 141; *Boyd & Co.* v. *Gunnison & Co.*, 14 W. Va. 1. These views

of the office of a commissioner in chancery, and of the weight and effect to be given to his report, seem to us in accordance with right, and best calculated to attain the ends of justice; to be in accordance with the high and responsible duties of the chancellor, and with the special duties of the commissioner. They are also in accord with the decisions of courts of the highest respectability, and of the greatest weight and influence. *Kimberly* v. *Arms,* 129 U. S. 512, 9 S. Ct. 355 [32 L. Ed. 764]; *Worrall's Appeal,* 110 Pa. St. 349, 362, 1 A. 380, 765; *Boyd & Co.* v. *Gunnison & Co.,* 14 W. Va. 1 [*supra*]; *Handy* v. *Scott,* 26 W. Va. 710; *Smith* v. *Yoke,* 27 W. Va. 639; 2 Barton's Ch. Prac. 656."

Mr. Chief Justice Campbell speaking for the court in *Horne* v. *Osborne,* 163 Va. 235, 175 S. E. 893, reiterated the rule stated in *Shipman* v. *Fletcher, supra.*

Our conclusion is that the lower court in fixing the value of the improvement on the land in question was in error and that its finding was without any evidence to support it. We, therefore, reverse that portion of the decree which is complained of and remand the cause with directions that the value of the improvement as fixed by the commissioner be reinstated.

*Reversed and remanded.*